

# EXHIBIT A

PROCESS, PLEADINGS, AND ORDERS

INCLUDING PL.'S CLASS ACTION COMPLAINT, NO. 2019-CH-11261 (FILED SEPT. 27, 2019)

Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
Suite 2100
Chicago, Illinois 60611
(312) 840-7000
http://www.burkelaw.com

Return Date: No return date scheduled
Hearing Date: 1/28/2020 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
    Cook County, IL

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons (06/28/18) CCG 0001

FILED
9/30/2019 10:49 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH11261

6762067

FILED DATE: 9/30/2019 10:49 AM   2019CH11261

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Amanda Vo

(Name all parties)

Case No. 19CH11261

v.

VSP Retail Development Holding, Inc.
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: 9/30/2019 10:49 AM DOROTHY BROWN

Atty. No.: 56618
Atty Name: McGuire Law, P.C.
Atty. for: Amanda Vo
Address: 55 W. Wacker Dr. 9th Fl.
City: Chicago  State: IL
Zip: 60601
Telephone: 312-893-7002
Primary Email: dgerbie@mcgpc.com
Secondary Email: emeyers@mcgpc.com
Tertiary Email: mmcguire@mcgpc.com

DOROTHY BROWN, Clerk of Court

Date of Service: 10/3/19
(To be inserted by officer on copy left with Defendant or other person):

2:20pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- ● Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

FILED DATE: 9/30/2019 10:49 AM   2019CH11261

Return Date: No return date scheduled
Hearing Date: 1/28/2020 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED 6755549
9/27/2019 5:37 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH11261

FILED DATE: 9/27/2019 5:37 PM 2019CH11261

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| AMANDA VO, individually and on behalf of similarly situated individuals, | No. 2019CH11261 |
| *Plaintiff,* | Hon. |
| v. | |
| VSP RETAIL DEVELOPMENT HOLDING, INC., a Delaware corporation, | **Jury Trial Demanded** |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Amanda Vo ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant VSP Retail Development Holding, Inc., d/b/a Eyeconic ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by Defendant's conduct. Plaintiff alleges the following based on personal knowledge as to her own experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and facial geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For

example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. This case concerns the misuse of individuals' biometrics in the form of scans of their facial geometry by Defendant, a manufacturer and seller of prescription and non-prescription eyewear. Using biometric capture technology, Defendant has captured, collected, disseminated, and/or otherwise used the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, through Defendant's operation of its Virtual Try-On software.

4. BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

(4) while in possession of biometrics publish and maintain publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

5. In direct violation of each of the foregoing provisions, Defendant is actively capturing, collecting, storing, and otherwise obtaining—without providing notice, obtaining informed written consent or publishing data retention policies—the biometrics of thousands of individuals throughout Illinois who use Defendant's Virtual Try-On software.

6. Specifically, Defendant has created, captured, collected, used and stored, in conjunction with its Virtual Try-On service, thousands of templates of facial geometry—highly detailed geometric maps of the face—from thousands of Illinois individuals including Illinois residents like Plaintiff. Defendant creates these templates of facial geometry using sophisticated facial recognition technology that scans, extracts and analyzes data from the points and contours of faces that appear in photos and videos taken on mobile devices and uses such scans of facial geometry to help it sell prescription and nonprescription eyewear. Each template of facial geometry that Defendant extracts from consumers is unique to that particular individual, in the same way that a fingerprint or voiceprint uniquely identifies one and only one person.

7. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper, or its electronic equivalent. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

8. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

9. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, and using Plaintiff's and other

FILED DATE: 9/27/2019 5:37 PM 2019CH11261

similarly situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "biometrics") without informed written consent, in direct violation of BIPA.

10. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

11. Defendant VSP Retail Development Holding, Inc., d/b/a Eyeconic is a Delaware corporation that conducts substantial business in and markets its services throughout Illinois, including in Cook County. Defendant is licensed to conduct, and conducts business in Illinois.

12. At all relevant times, Plaintiff Amanda Vo has been a resident and citizen of the State of Illinois, specifically Cook County.

**JURISDICTION AND VENUE**

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County, and because the transaction out of which this cause of action arises occurred in Cook County.

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry" among others.

[2] "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

4

## FACTS SPECIFIC TO PLAINTIFF

15. Defendant manufactures and sells prescription and non-prescription eyewear.

16. In order to increase the sales of its eyewear, Defendant developed a Virtual Try-On software that allows consumers to use their smartphones and other web-camera enabled devices to "try on" eyewear remotely, without having to visit one of Defendant's locations. Defendant accomplishes this through use of web enabled cameras which scan the facial geometry of consumers and then virtually apply glasses to such individuals' facial geometry templates and overlays such information to photos and videos of their faces.

17. During the relevant time period, Plaintiff visited Defendant's Eyeconic.com website and was prompted to use Defendant's Virtual Try-On software.

18. Plaintiff utilized Defendant's Virtual Try-On software in Illinois.

19. Defendant's software then scanned Plaintiff's face, creating a detailed and unique template of her facial geometry that Defendant collected, stored, used, and/or disseminated without making any disclosures or attempting in any way to gain Plaintiff's informed written consent for such capture and collection.

20. Plaintiff relied on Defendant to not only provide lawful and legally compliant technology on its website, but to also disclose all material information regarding the technology, including all relevant retention, destruction, and dissemination policies.

21. Defendant's biometric capture technology software resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for data storage purposes.

5

22. Prior to taking Plaintiff's biometrics, Defendant did not inform Plaintiff in writing that her biometrics were being collected, stored, used, otherwise obtained, or disseminated, or in any way receive her informed written consent to collect, capture, use, or otherwise obtain such information.

23. During the time Defendant was in possession of Plaintiff's biometrics Defendant failed to make publicly available any written policy as to its biometric retention schedule and failed to disclose guidelines with respect to when it would permanently destroy the collected biometrics.

24. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of her biometrics.

25. Additionally, Defendant did not obtain consent from Plaintiff for any dissemination of her biometrics to third parties.

26. To this day, Plaintiff is unaware of the status of the facial geometry scans and accompanying facial geometry templates obtained by Defendant which relate to her immutable biometric identifiers. Defendant has not informed Plaintiff whether it still retains such biometrics, and if it does, for how long Defendant intends to retain such information without her consent.

27. BIPA vests an individual state right to biometric privacy. Defendant's deprivation of Plaintiff's biometric privacy right constitutes the actual harm the Legislature sought to prevent.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, otherwise obtained or disseminated by or on behalf of Defendant within the State of Illinois at any time within the applicable limitations period.

29.  Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

30.  Upon information and belief, there are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

31.  Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

32.  There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a.  Whether Defendant's conduct is subject to BIPA;

    b.  Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c.  Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d.  Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e. Whether Defendant's conduct violates BIPA;

f. Whether Defendant's conduct is negligent;

g. Whether Defendant's violations of the BIPA are willful or reckless; and

h. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

33. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

34. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

35. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendant is a private entity under BIPA.

38. BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes

it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

39. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

40. Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry and scans thereof, collected, captured, or otherwise obtained by Defendant.

41. Each instance Plaintiff and the other Class members had their facial geometry scanned by Defendant's software, Defendant captured, collected, stored, and/or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information without valid informed written consent and in violation of BIPA.

42. Defendant's practice with respect to capturing, collecting, storing, and using biometrics in the form of face geometry fails to comply with the following BIPA requirements:

9

a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release for the collection of biometric identifiers, as required by 740 ILCS 14/15(b)(3);

e. Once Defendant became in possession of biometrics in the form of scans of facial geometry it failed to provide a publicly available retention schedule detailing the length of time for which the biometrics were stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed written consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

43. Defendant profited from Plaintiff's and the Class members' biometric identifiers through using such information to sell more of its prescription and nonprescription eyewear products in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the biometric capture and collection software it used would be subject to BIPA and nevertheless wholly failed to comply with the statute.

10

44. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant denied Plaintiff and the Class their right to be provide informed written consent and violated their respective rights to biometric information privacy, as set forth in BIPA.

45. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1).

46. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, each of Defendant's failures to comply with BIPA were negligent.

47. Accordingly, with respect to Count I, Plaintiff, on behalf of herself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

    d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

    f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.    Awarding pre- and post-judgment interest, as allowable by law; and

    h.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: September 27, 2019

Respectfully Submitted,

AMANDA VO, individually and on behalf of a class of similarly situated individuals

By: /s/David L. Gerbie
*One of Plaintiff's Attorneys*

Myles McGuire
Evan Meyers
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*