UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA VO, individually and on behalf of a putative class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 19 C 7187 ) |
| VSP RETAIL DEVELOPMENT HOLDING, INC., | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant VSP Retail Development Holding, Inc.'s ("VSP") motion to dismiss Plaintiff Amanda Vo's ("Vo") class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint.[1] *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Vo's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

---

[1] In her memorandum in opposition to VSP's motion to dismiss, Vo introduces an affidavit to support the allegations found in her complaint. "However, evidentiary documents such as affidavits are improperly raised at the pleading state. For a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), with limited exceptions, the focus is solely upon the allegations in the complaint." *Douglas v. Wilmington Fin., Inc.*, 2009 WL 3852458, *3 (N.D. Ill. 2009). Accordingly, the Court may not consider the factual support found in the Vo Declaration.

Plaintiff Vo is an Illinois citizen. Defendant VSP is a Delaware corporation with its principal place of business in California. VSP manufactures and sells prescription and non-prescription eyewear. As part of its business, VSP's website offers Virtual Try-On software that allows consumers to use their smartphones and other web-camera enabled devices to "try on" eyewear remotely. VSP accomplishes this through the use of cameras that scan consumers' facial geometry, virtually apply the glasses to the facial geometry, and overlay that information to photos and videos of the consumer's face.

While visiting VSP's website in Illinois, Vo utilized the Virtual Try-On software. The software scanned Vo's face and used the information regarding her facial geometry without gaining her informed, written consent or making any disclosures regarding such capture and collection of her biometric information. Moreover, VSP failed to make available any written policy regarding the retention and destruction of the biometric information.

Based on these events, Vo filed a complaint against VSP in the Circuit Court of Cook County, Illinois (Chancery Division), alleging a violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* On October 31, 2019, VSP removed the action to this Court. On December 3, 2019, VSP filed the instant motion to dismiss Vo's class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill*

*Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

To give context to the issues raised in the motion to dismiss, the Court must begin with a brief overview of BIPA. In order to protect individuals' biometric identification, the Illinois General Assembly enacted BIPA, which prohibits a private entity from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining an individual's biometric identifier or biometric information absent his or her informed, written consent. 740 ILCS 14/15(b). The private entity must inform the individual that their biometric identifier or biometric information is being collected or stored, along with the purpose and length of time for which it will be collected and stored. *Id.* The

private entity must also make available guidelines for the retention and permanent destruction of the biometric identifiers and biometric information. 740 ILCS 14/15(a).

According to BIPA, scans of facial geometry—such as those at issue here—are considered biometric identifiers. 740 ILCS 14/10. However, BIPA includes a health care exemption that specifically exempts "information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]" from the definition of biometric identifier. *Id.* The parties focus their arguments on whether HIPAA preempts BIPA and whether the "Terms of Use" on VSP's website required Vo to waive any and all causes of action against VSP. Yet, these arguments put the cart before the horse. The Court must first determine whether the biometric identifiers at issue are within BIPA's scope or if they fall within BIPA's health care exemption.

To fall under BIPA's health care exemption, the biometric information obtained must either: (1) be obtained from a patient in a health care setting, or (2) be collected, used, or stored in connection with healthcare treatment, payment, or operations under HIPAA. *Id.* Turning to the first prong, HIPAA defines "heath care" to include:

> (1) Preventive, diagnostic, therapeutic, rehabilitative, maintenance, or palliative care, and counseling, service, assessment, or procedure with respect to the physical or mental condition, or functional status, of an individual or that affects the structure or function of the body; and
>
> (2) Sale or dispensing of a drug, device, equipment, or other item in accordance with a prescription.

45 C.F.R. § 160.103. Prescription and non-prescription eyewear are Class I medical devices under federal regulations. 21 C.F.R. §§ 886.5842–44. According to the complaint, VSP manufactures and sells prescription and non-prescription eyewear. Therefore, VSP provides health care by selling a device or equipment in accordance with a prescription—namely eyewear—and by offering a service or procedure that affects the function of the body—namely vision. VSP's Virtual Try-On software facilitates this health care service by replicating "the diagnostic services typically performed by an [eye care] professional," such as measuring an individual's face to ensure the appropriate fit of corrective eyewear and confirm the eyeglasses are properly positioned over a patient's eyes. 1:19-cv-7181, Dkt. 27, Pg. 3. In obtaining Vo's facial geometry to accomplish these objectives, VSP's Virtual Try-On software collected biometric information from a patient in a health care setting.

Vo claims that she was not a patient in a health care setting because "she never requested an eye exam, never received an eye exam, never provided Defendant with a prescription for corrective lenses, never received any such prescription, and never requested or received any sort of medical treatment or advice that could reasonably be construed as 'health care.'" 1:19-cv-7187, Dkt. 23, Pg. 11. However, this assertion is unavailing for two reasons. First, as noted above, the Virtual Try-On software provides a health care service by ensuring the appropriate fit and positioning of corrective eyewear. Therefore, Vo did receive a health care service from VSP. Second, even if Vo did not proceed past the Virtual Try-On software to the eye exam and prescription

5

stage, the initial evaluation of a prospective patient still constitutes a health care service. 45 C.F.R. § 160.103 (defining "health care" to include "assessment ... with respect to the physical or mental condition ... of an individual or that affects the structure or function of the body"). An individual cannot escape BIPA's health care exemption simply by choosing to forego the health care service for which they were evaluated.

Given the Court's finding that Vo's facial geometry was obtained as a patient in a health care setting, the biometric identifiers at issue fall within BIPA's health care exemption. As such, VSP cannot be held liable under BIPA for their collection or use. Therefore, the Court grants the motion to dismiss on this basis. We need not reach the arguments related to HIPAA preemption or the applicability of the "Terms of Use," as this issue is dispositive. Additionally, the Court finds that amending the BIPA claim asserted would be futile, as this scenario falls outside of BIPA's scope. Thus, we deny Vo's request to file an amended complaint. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015).

## **CONCLUSION**

For the aforementioned reasons, the Court grants the motion to dismiss the complaint. It is so ordered.

Dated: 3/25/2020

_____

Charles P. Kocoras
United States District Judge